IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-11164
Summary Calendar

---

Rita Renee Jones

Plaintiff-Appellant,

versus

Marvin T. Runyon

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas
(3:93-CV-1511-R)

---

March 17, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jones brings this appeal from Chief Judge Buchmeyer's dismissal of her discrimination claims. Jones alleges for the first time on appeal that Chief Judge Buchmeyer failed to recuse himself from her case due to a bias against her attorney, thus violating 28 U.S.C. § 455.

Although a disqualification challenge raised for the first time on appeal is not per se untimely, the timeliness requirement of § 455 obligates a party to raise the disqualification issue "at a reasonable time in the litigation." *Hollywood Fantasy Corp. v.*

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Gabor*, 151 F.3d 203, 216 (5th Cir. 1998). This court has recognized that a party must make a § 455 motion "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a disqualification." *United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998), *petition for cert. filed*, Dec. 15, 1998 (No. 98-7290). We have rejected recusal challenges on appeal as untimely when the challenger waited to see if he liked an outcome before asserting the recusal issue. *See United States v. York*, 888 F.2d 1050, 1056 (5th Cir. 1989).

Despite her assertions that "the district judge harbored bad feelings toward plaintiff's counsel before the trial in this case," Jones contends that Chief Judge Buchmeyer's bias was not revealed until her attorney's closing argument. Jones failed, in any event, to raise her disqualification argument before Judge Buchmeyer announced his ruling in her case, notwithstanding her previously-held belief that the judge was biased against her attorney. Instead, she presents this argument for the first time on appeal. Thus, Jones failed to raise the recusal issue in a timely manner and forfeited the objection.

AFFIRMED.